UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**LINDA R.,**

    **Plaintiff,**

                      Case No. 2:20-cv-7312
v.                      Magistrate Judge Norah McCann King

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**[1]

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the applications of Plaintiff Linda R. for disability benefits under the Social Security Act, 42 U.S.C. §§ 401 *et seq.*[2] Plaintiff appeals from the final decision of the Commissioner of Social Security denying Plaintiff's applications. After careful consideration of the entire record, including the entire administrative record, the Court decides

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

[2] It appears that Plaintiff originally applied for disability benefits on her own account and as a widow on the account of her deceased husband, as well as for Supplemental Security Income ("SSI"). R. 408-14 (referring to "a period of disability and/or all insurance benefits for which I am eligible," and referring also to SSI and Plaintiff's status as a widow). *See also* R. 170, 171, 172 (initial disability determinations by state agency). However, Plaintiff's request for reconsideration, which did not specify a particular claim for benefits, R. 210, was apparently received as relating only to her application for Disability Insurance Benefits ("DIB"). *See* R. 211. The ALJ's decision appears to address only the claim for a period of disability and DIB, R. 22-33, despite the ALJ's acknowledgement at the administrative hearing held on October 24, 2018, that Plaintiff applications for SSI, and "disabled widow's benefits" were before him as well. R. 73, 75. The Order of the Appeals Council denying review refers to claims for DIB and widow's insurance benefits. R. 5. Plaintiff refers in her filings before this Court to claims for "Retirement, Survivors, Disability Insurance (RSDI) benefits, Disabled Widow's Benefits and Supplemental Security Income." *Plaintiff's Contentions pursuant to Local Rule 9.1*, ECF No. 19, p. 1; *see also Plaintiff's Brief*, ECF No. 22, p. 1. The Acting Commissioner's brief makes no mention of a claim for SSI. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 23, p. 1. However, neither party addresses this issue.

1

this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

I.       PROCEDURAL HISTORY

Plaintiff's application for benefits alleges that she has been disabled since November 30, 2015. R. 408–14. Administrative Law Judge ("ALJ") David Suna held an initial hearing on October 24, 2018, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert. R. 70–127. The ALJ held a supplemental hearing on March 20, 2019, at which Plaintiff, who was represented by counsel, testified, as did Arnold Ostrow, M.D., who testified as a medical expert. R. 41–69. In a decision dated April 18, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from November 30, 2015, Plaintiff's alleged disability onset date, through the date of that decision. R. 22–33. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on May 18, 2020. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On June 19, 2020, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 5.[3] On June 30, 2020, the case was reassigned to the undersigned. ECF No. 7. The matter is now ripe for disposition.

---

[3] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

## II. LEGAL STANDARD

### A. Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g., Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*,

3

2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir.

2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award

benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

B.  **Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also id.* at §§ 404.1520(a)(2) ("These rules apply to you if you file an application for a period of disability or disability insurance benefits (or both) . . . . They also apply if you file an application for widow's or widower's benefits based on disability for months after December 1990."), 404.1505(a) ("We will use this definition of disability if you are applying for a period of disability, or disability insurance benefits as a disabled worker, . . . or, with respect to disability benefits payable for months after December 1990, as a widow, widower, or surviving divorced spouse."); *Andrew V. v. Saul*, No. 2:19-CV-00392, 2020 WL 4572682, at *2 (E.D. Wash. Aug. 7, 2020) ("The definition of disability for disabled widower's benefits is the same as for the standard disability case and the five-step sequential evaluation process is applicable to disabled widower's benefits cases.") (citing 20 C.F.R. §§ 404.1505(a); 404.1520(a)(4)(i)–(v)); *Mace v. Colvin*, No. 3:15CV1229, 2016 WL 6600004, at *1 (M.D. Pa. Nov. 8, 2016) ("The standard for demonstrating disability when seeking widow's benefits is the same as the general disability standard[.]") (citing 20 C.F.R. § 404.335(c)). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

6

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be

disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III. ALJ DECISION AND APPELLATE ISSUES

Plaintiff met the insured status requirements of the Social Security Act on her own account through December 31, 2020. R. 24. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between November 30, 2015, her alleged disability onset date, and the date of the decision. *Id*.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: tear of the lateral and medial meniscus of the right knee, status post meniscus repair, atrial fibrillation, status post cardiac ablation, and obesity. R. 25. The ALJ also found that Plaintiff's diagnosed asthma, Horner's syndrome (left eye), anxiety disorder, and history of substance abuse were not severe impairments. R. 25–27.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 27–28.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations. R. 28–31. The ALJ also found that this RFC permitted the performance of Plaintiff's past relevant work as a retail manager. R. 31–32. Alternatively, at step five, the ALJ found that Plaintiff could perform other jobs that exist in significant numbers in the national economy. R. 31–32. The ALJ therefore concluded that Plaintiff has not been disabled from her alleged disability onset date through the date of the ALJ's decision. R. 33.

Plaintiff disagrees with the ALJ's findings at steps four and five and asks that the decision of the Commissioner be reversed and remanded for further proceedings. *Plaintiff's Brief,* ECF No. 22; *Plaintiff's Reply Brief*, ECF No. 26. The Acting Commissioner takes the position that her

decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 23.

IV.   **SUMMARY OF RELEVANT MEDICAL EVIDENCE**

On November 21, 2017, Arthur Becan, M.D., an orthopedic surgeon, examined Plaintiff in connection with her claim for workers' compensation. R. 813–18. Dr. Becan summarized Plaintiff's medical history and her complaints of constant right knee pain and stiffness, as well as swelling, instability and locking. R. 813–17. Dr. Becan reported his objective medical findings:

> **PHYSICAL EXAMINATION**
>
> Physical examination performed on November 21, 2017 reveals a well-developed, well-nourished 57-year-old right-hand-dominant female; 5 feet 9 inches in height; weight 235 pounds.
>
> Examination of the claimant reveals *she ambulates with a noticeable limp on the right secondary to right knee pain. She has difficulty arising from a sitting position.* Examination of the right knee shows an effusion. There are multiple well-healed arthroscopic portal scars. *There is medial joint line tenderness. There is no lateral joint line tenderness. There is medial femoral condyle tenderness.* There is no lateral femoral condyle tenderness. *There is medial and lateral patellar facet tenderness. There is pain produced on compression of the patellofemoral joint. There is crepitus on compression of the patellofemoral joint.* McMurray test is negative. *Patella apprehension sign is positive.* There is no evidence of varus or valgus instability of the right knee. Anterior drawer sign is negative. Posterior drop back is negative. *Range of motion of the right knee shows extension 0/0 and flexion 0-110/140 degrees.*
>
> *Manual muscle strength testing reveals quadriceps strength is 3/5 on the right* and 5/5 on the left. *Gastrocnemius strength is 3/5 on the right* and 5/5 on the left.
>
> The quadriceps circumference measures 49 cm on the right and 48 cm on the left.
>
> The gastrocnemius circumferences measure 41 cm on the right and 40 cm on the left.

R. 815–16 (emphasis added). *See also* R. 817-18 (same). Dr. Becan went on to opine as follows:

9

**CAUSE OF DISABILITY**:

The work-related injury sustained by this claimant on November 30, 2015 was the competent producing factor for the claimant's subjective and objective findings of today. The following is a rating of the claimant's permanent orthopaedic impairment on the basis of the New Jersey Workers Compensation Act:

> 1. *For the right knee, 65% of right leg* for a torn medial meniscus of the right knee, torn lateral meniscus of the right knee, posttraumatic chondromalacia of the patellofemoral joint and lateral compartment of the right knee and a patella plica, necessitating an arthroscopy of the right knee with partial medial meniscectomy, partial lateral meniscectomy, chondroplasty of the patellofemoral joint and lateral compartment and excision of patella plica, performed by Dr. Roth on January 13, 2016.

**REASONS FOR OPINIONS**:

1. History according to the claimant.
2, The physical examination.
3. Duties of the claimant's occupation.
4. Review of medical records.

R. 818 (emphasis added).

## V.    DISCUSSION

Plaintiff raises several challenges to the ALJ's decision, including, *inter alia*, that the ALJ erred when failing to consider Dr. Becan's objective medical findings, a failure that Plaintiff argues also infected the ALJ's RFC determination at step four of the sequential evaluation. *Plaintiff's Brief*, ECF No. 22, pp. 13–19, 22–24, 26; *Plaintiff's Reply Brief*, ECF No. 26, pp. 1–12, 18–19. This Court agrees.

An ALJ must evaluate all record evidence in making a disability determination. *Plummer,* 186 F.3d at 433; *Cotter,* 642 F.2d at 704. The ALJ's decision must include "a clear and satisfactory explication of the basis on which it rests" sufficient to enable a reviewing court "to perform its statutory function of judicial review." *Cotter*, 642 F.2d at 704–05. Specifically, the ALJ must discuss the evidence that supports the decision, the evidence that the ALJ rejected, and

10

explain why the ALJ accepted some evidence but rejected other evidence.  *Id*. at 705–06; *Diaz v. Comm'r of Soc. Sec*., 577 F.3d 500, 505–06 (3d Cir. 2009); *Fargnoli*, 247 F.3d at 42 ("Although we do not expect the ALJ to make reference to every relevant treatment note in a case . . . we do expect the ALJ, as the factfinder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law."). Without this explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705; *see also Burnett,* 220 F.3d at 121 (citing *Cotter*, 642 F.2d at 705).

In this case, at step four of the sequential evaluation process, the ALJ found that Plaintiff had the RFC to perform light work subject to certain additional limitations as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: no more than occasional operation of foot controls bilaterally; no more than occasional climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; no more than occasional balancing or stooping; never kneel, crouch or crawl; no exposure to unprotected heights or moving mechanical parts; no more than occasional exposure to extreme cold, humidity or wetness; and in addition to normal breaks, she would be off task five percent of the time in an eight-hour workday.

R. 28. In reaching this determination, the ALJ, *inter alia*, assigned "little weight" to Dr. Becan's "opinions." R. 31. The ALJ's evaluation of Dr. Becan's report reads in its entirety as follows:

> The undersigned gives little weight to the opinions of Dr. Waller and Dr. Beacan [sic] who opined the claimant experienced a forty to sixty five percent disability. (10F; 11F; 11F). Little weight is afforded to these opinions because it was made for the purposes of Workers Compensation benefits. There is no evidence that Dr. Waller was familiar with or considered Social Security Regulations in rendering his opinion. Furthermore, determinations of disability are relegated to the discretion of the Commissioner.

*Id*.

Plaintiff agrees that the ALJ was not required to credit a workers' compensation rating in terms of clinical percentages of disability, but contends that the ALJ erred when he ignored the objective medical findings noted in this examining physician's report. *Plaintiff's Brief*, ECF No. 22, pp. 15–17 (citing *Coria v. Heckler*, 750 F.2d 245, 247–48 (3d Cir. 1984)); *Plaintiff's Reply Brief*, ECF No. 26, pp. 3–8 (same). Plaintiff also argues that the ALJ's error in this regard was not harmless because Dr. Becan's specific findings on physical examination undermine the ALJ's finding, in crafting Plaintiff's RFC for light work, that Plaintiff could stand or walk for six to eight hours a day. *Plaintiff's Brief*, ECF No. 22, pp. 22–24, 26; *Plaintiff's Reply Brief*, ECF No. 26, pp. 9–12. In response, the Commissioner contends that the ALJ properly considered all the medical evidence, including evidence that "Plaintiff continued to have right knee pain and swelling with limited range of motion (Tr. 29-31). The ALJ discussed Plaintiff's statements that she could not walk a city block, could stand for only 10 minutes, and could sit for 15 minutes (Tr. 28, 86-88)." *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 23, at 10. The Court is not persuaded by the Commissioner's argument.

In *Coria*, the Court of Appeals for the Third Circuit explained that "it is important to distinguish between those portions of the physicians' reports that represent the physician[s]' medical findings and those portions of the reports that represent conclusions as to the claimant's disability for purposes of worker's compensation." *Coria*, 750 F.2d at 247. The Third Circuit went on to observe that "the physicians' findings, *qua* findings, do not necessarily suffer from similar defects [as conclusions for purposes of worker's compensation,]" explaining as follows:

> Although a worker's compensation hearing, unlike a Social Security disability hearing, may be adversarial in nature, this should not affect the reliability of the objective medical findings of the examining physician. . . . Instead, the ALJ should evaluate the objective medical findings set forth in the medical reports for submission with the worker's compensation claim by the same standards that s/he uses to evaluate medical findings in reports made in the first instance for the Social

12

> Security claim, unless there is some reasonable basis to believe a particular report or finding is not entitled to comparable weight.

*Id*. at 248. An ALJ's failure to do so, the Third Circuit held, constitutes a failure "to consider 'all the evidence' as is required by *Cotter*." *Id*.

In the case presently before this Court, it does not appear that the ALJ considered Dr. Becan's objective medical findings arising from that physician's physical examination of Plaintiff. R. 22–33 (citing to Dr. Becan's report, found at Exhibit 11F, only at R. 31). Although an ALJ need not discuss "every tidbit of evidence included in the record[,]" *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004) (citing *Fargnoli*, 247 F.2d at 270), there still must be "sufficient development of the record and explanation of findings to permit meaningful review." *Jones*, 364 F.3d at 505; *see also Sanford v. Comm'r of Soc. Sec.*, No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)). Because it is not clear that the ALJ actually considered Dr. Becan's objective findings, this Court is unable to meaningfully evaluate the ALJ's RFC determination. The Court therefore concludes that remand of the matter for further consideration is warranted. Moreover, this is true even if, upon further examination of these issues, the ALJ ultimately concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr.

13

Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3 (W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision."). The Court therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration.[4]

## VI.  CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

Date:  February 8, 2022         *s/Norah McCann King*
                                NORAH McCANN KING
                                UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Dr. Becan's objective medical findings and the RFC determination, the Court does not consider those claims.